# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7816 | **DATE** | 6/29/2001 |
| **CASE TITLE** | Sylvia Brucker vs. CTA | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Enter Memorandum Opinion and Order: We grant defendant's motion to dismiss (12-1) the ADA allegations of the complaint.

(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | |
| ✓ | Notices mailed by judge's staff. | |
| | Notified counsel by telephone. | |
| | Docketing to mail notices. | |
| | Mail AO 450 form. | |
| | Copy to judge/magistrate judge. | |

number of notices

JUL 0 2 2001
date docketed

docketing deputy initials

6/29/2001
date mailed notice

GL
courtroom deputy's initials

EO-7
FILED FOR DOCKETING

01 JUN 32 AM 8: 11

Date/time received in central Clerk's Office

GL
mailing deputy initials

Document Number

14

SYLVIA BRUCKER,            )
                                 )
         Plaintiff,      )     No. 00 C 7816
                                 )
     v.                    )
                                 )
CHICAGO TRANSIT AUTHORITY,  )
                                 )
        Defendant.    )

DOCKETED

JUL - 2 2001

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, Chief Judge:

Sylvia Brucker has filed a pro se action against the Chicago Transit Authority ("CTA") pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, and the Americans with Disabilities Act ("ADA"). She alleges that the CTA discriminated against her because of her color, disability, national origin and sex. The CTA moves pursuant to Fed. R. Civ. P. 12(b)(1) to dismiss that part of the complaint which alleges violations of the ADA,[1] arguing that these claims were not part of the charge of discrimination Brucker filed with the United States Equal Employment Opportunity Commission ("EEOC"). As explained below, we grant defendant's motion and dismiss the ADA allegations of the complaint.[2]

The following facts from the complaint are taken as true, as we must when deciding a motion to dismiss. *See MCM Partners, Inc. v. Andrews-Bartlett & Assoc., Inc.* 62 F.3d 967, 972 (7th Cir. 1995). Brucker started working for the CTA in 1987, and most recently held the position of Stenographer II. On or about February 18, 2000, she filed a charge of discrimination against

---

[1] Brucker used a form complaint she received from the Northern District of Illinois clerk in order to state her claims of discrimination. Thus, her allegations are not divided into particular counts.

[2] The CTA filed its motion to dismiss on May 4, 2001, and Brucker's response was due May 30th. She never filed a response, nor did she file a request for additional time. On June 5th, the CTA filed a letter indicating that it would rest on its original motion to dismiss and not file a formal reply. Brucker was sent a copy of this letter. Thus, we are deciding this issue based only on the CTA's original motion.

the CTA with the EEOC. The charge alleged that the CTA discriminated against Brucker on the basis of her sex and national origin, and also retaliated against her for filing internal complaints and an earlier charge with the EEOC. Specifically, she claimed that on a continuing basis she had been "subjected to harassment by managers and co-workers." She also alleged in the charge that she endured "derogatory remarks regarding [her] national origin" and had been denied at least ten promotions for which she had applied. On September 17, 2000, the EEOC issued Brucker a Right to Sue letter and Brucker brought this suit soon thereafter.

In her complaint, Brucker alleges that the CTA discriminated against her because of her color, disability, national origin, and sex. Her claims of disability discrimination appear to involve the CTA's failure to accommodate her request to move to a work location that did not involve exposure to chemicals in the air. She also alleges that the CTA had classified her as a "Special Employee" since 1992 without obtaining a proper physician's diagnosis as well as failed to pay her when she was out ill. She also alleges that her general manager told her once to "[g]o to the Americans with Disabilities, let them help you" and that the CTA stripped her of her medical insurance and company benefits.

We do not have to determine whether these allegations are even enough to state a claim under the ADA, because they were not part of Brucker's charge at the EEOC, and thus we do not have jurisdiction over them here. As a general rule, a Title VII plaintiff cannot bring claims in a lawsuit in federal court that were not included in her EEOC charge. *See Alexander v. Gardner-Denver Co.,* 415 U.S. 36, 47 (1974). This rule serves the dual purpose of affording the EEOC and the employer an opportunity to settle the dispute through conference, conciliation and persuasion, and also puts the employer on notice of the charges brought against it. *See, Cheek v. Western and Southern Life Ins. Co..* 31 F.3d 497, 500 (7th Cir. 1994)., *citing Rush v. McDonald's Corp.,*, 966 F.2d. 1104, 1110 (7th Cir.1992). However, because most EEOC charges are completed by laypersons

rather than lawyers, a Title VII plaintiff need not allege in an EEOC charge each and every fact that combines to form the basis of each claim in her complaint. *Id.*

In order to find that a seemingly new allegation in a complaint had been previously brought before the EEOC, it must, 1) be like or reasonably related to the EEOC charges, and 2) be the type of claim that could reasonably develop from the EEOC's investigation into the original charges. *See Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.,* 538 F.2d 164, 167 (7th Cir. 1976). Moreover, there must be a factual relationship between the claim and the charge. *Cheek*, 31 F.3d at 500. This means that, at a minimum, the two must describe the same conduct and implicate the same individuals. *Id.*

In this case, Brucker's allegations concerning the ADA do not reasonably relate to or grow out of the claims in her EEOC charge. The EEOC charge described harassment such as derogatory remarks and alleged a failure to promote, all based on Brucker's sex and national origin. Nowhere does the charge mention that Brucker had a disability or asked for an accommodation, or even that she was harassed based on an alleged disability. Thus, the ADA portion of the complaint is not reasonably related to the EEOC charge. It is not reasonable to assume that an EEOC investigation of Brucker's claims of gender and national origin discrimination and harassment would have revealed that Brucker also believed that the CTA failed to accommodate her alleged disability or stripped her of her medical benefits. The allegations simply do not relate to each other and thus we will dismiss that portion of Brucker's complaint that alleges a violation of the ADA. It is so ordered.

MARVIN E. ASPEN
United States District Judge

Dated: 6/29/01

3